IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 129,102


In the Matter of the Wrongful Conviction of
JOSUE ARITA.


SYLLABUS BY THE COURT


1.

K.S.A. 60-5004(c)(1)(C)'s phrase "crimes or crimes" is ambiguous when applied to alternative means crimes.


2.

A claimant must show by a preponderance of evidence that their conviction was reversed or vacated because they are factually or actually innocent of a crime, not just a particular alternative means of that crime, to receive compensation under K.S.A. 60-5004.


Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Submitted without oral argument May 21, 2026. Opinion filed July 10, 2026. Affirmed.

*Laurel A. Driskell*, of Clark, Mize & Linville, Chartered, of Salina, was on the briefs for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

WALSH, J.: A panel of the Kansas Court of Appeals reversed Josue Arita's convictions for sex crimes against children for insufficient evidence because the State had charged Arita under one subsection of the statutes (causing the victims to engage in sexual acts with a third party), but presented evidence at trial consistent with a different subsection of the statutes (that Arita himself engaged in the acts against the victims). Arita then filed a claim for wrongful conviction under K.S.A. 60-5004. The district court granted the State's motion for summary judgment, and Arita directly appeals to this court. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In 2019, the State charged Josue Manuel Arita with two counts of aggravated criminal sodomy pursuant to K.S.A. 21-5504(b)(2), and two counts of aggravated indecent liberties with a child pursuant to K.S.A. 21-5506(b)(3)(B). *State v. Arita*, No. 124,928, 2023 WL 3912867, at *1-2 (Kan. App. 2023) (unpublished opinion).

The counts were charged under subsections criminalizing "caus[ing] a child to engage in sodomy with any person, i.e., someone other than the defendant," and soliciting a child to engage in lewd fondling or touching of the person of another. *Arita*, 2023 WL 3912867, at *2.

At trial, however, the State presented evidence that Arita himself "personally sodomized E.M.A. and that he had personally touched or fondled E.S.A." *Arita*, 2023 WL 3912867, at *2. The jury instructions similarly described Arita as the actor. A jury convicted Arita on all counts. 2023 WL 3912867, at *2.

2

On appeal, a panel of the Kansas Court of Appeals reversed Arita's convictions and vacated his sentences because "[t]he State presented no evidence that Arita caused E.M.A. to engage in sodomy with another person" and "nothing in the record suggests that Arita solicited E.S.A. to engage in lewd fondling or touching of another person." *Arita*, 2023 WL 3912867, at *3, 5. The panel determined double jeopardy barred the State from retrying Arita. *Arita*, 2023 WL 3912867, at *6. The State did not seek review and the mandate issued in July 2023.

In February 2024, Arita filed an action pursuant to K.S.A. 60-5004, Kansas' wrongful conviction statute. Arita asserted he was wrongly imprisoned for nearly four years.

The State sought summary judgment, arguing that Arita failed to show: (1) his convictions were reversed because he was factually or actually innocent; (2) that he was actually or factually innocent of the crimes; and (3) his conduct did not cause the convictions.

The district court granted the State's motion for summary judgment. It concluded Arita did not show his convictions were reversed as a result of his actual or factual innocence. The court did not consider the State's two alternative arguments.

Arita directly appeals to this court. Jurisdiction is proper. See K.S.A. 60-5004(l) ("The decision of the district court may be appealed directly to the supreme court pursuant to the code of civil procedure.").

ANALYSIS

On direct appeal, Arita argues the district court erred when granting summary judgment.

3

*Standard of review and preservation*

Our standard is a familiar one:

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case.' [Citations omitted.]" *Zaragoza v. Board of Johnson County Commissioners*, 320 Kan. 691, 697, 571 P.3d 545 (2025).

Appellate courts apply the same rules and, when doing so, have unlimited review. *Unruh v. City of Wichita*, 318 Kan. 12, 19, 540 P.3d 1002 (2024). Moreover, we have unlimited review when interpreting statutes. *State v. Craig*, 322 Kan. 61, 66, 586 P.3d 249 (2026).

The parties argued this issue below and it is therefore preserved for review.

*Discussion*

The Kansas Legislature's 2018 passage of K.S.A. 60-5004 created a cause of action for individuals who had been wrongfully convicted and imprisoned. The statute sets out four prerequisites for success, which a claimant must establish by a preponderance of evidence:

"(A) The claimant was convicted of a felony crime and subsequently imprisoned;

4

"(B) the claimant's judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the claimant was found to be not guilty;

"(C) the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial; and

"(D) the claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction. Neither a confession nor admission later found to be false or a guilty plea shall constitute committing or suborning perjury, fabricating evidence or causing or bringing about the conviction under this subsection." K.S.A. 60-5004(c)(1).

Here, there is no dispute that Arita meets the first two elements because Arita was convicted of felonies and was imprisoned, and Arita's convictions were reversed and vacated and the charges were dismissed.

At issue is subsection (c)(1)(C), upon which the district court granted the State's motion for summary judgment. Specifically, the district court concluded "Arita cannot show that his convictions were reversed as a result of his actual or factual innocence of criminal conduct. Or stated differently, he cannot show that his convictions were reversed because he was found factually innocent or otherwise exonerated." See *In re Warsame*, 320 Kan. 92, 94, 563 P.3d 1281 (2025) (explaining "K.S.A. 2023 Supp. 60-5004[c][1][C] requires a claimant to prove a causal connection between the ultimate dismissal of the charges by the State and the claimant's actual innocence"). To the contrary, the district court noted the Court of Appeals' determination that there was "ample" evidence that Arita sodomized E.M.A. and that he touched or fondled E.S.A.; it concluded that the Court of Appeals reversed the convictions because they were based on instructions and evidence that did not match the charging document. The district court characterized the appellate court's determination of innocence as *legal* innocence, not *factual* innocence.

5

On appeal, Arita challenges the district court's conclusions. He asserts that the panel reversed his convictions because he was factually and actually innocent of his crimes of conviction:  K.S.A. 21-5506(b)(3)(B) and K.S.A. 21-5504(b)(2). See *In re Doelz*, 319 Kan. 259, 263, 553 P.3d 969 (2024) (wrongful conviction statute only available for claimants that are "actually or factually innocent"). The State replies that Arita's convictions were not reversed because he was factually and actually innocent of aggravated criminal sodomy and aggravated indecent liberties with a child, but because the State had charged him under the wrong subsection of the statute.

We have interpreted subsection (C) to require a claimant prove three things:  (1) that he or she did not commit "the crime or crimes" of conviction; (2) that he or she was not an accessory or accomplice to the crime; and (3) that by demonstrating the first two requirements, the claimant obtained one of three possible outcomes:  (i) the reversal of his or her conviction; *or* (ii) dismissal of the charges; *or* (iii) a finding of not guilty upon retrial. In other words, that the first two elements "resulted in" one of three possible outcomes. *In re Doelz*, 319 Kan. at 263-64.

Our inquiry here centers on the meaning of "crime or crimes" in K.S.A. 60-5004(c)(1)(C).

Arita's charged crimes, aggravated criminal sodomy and aggravated indecent liberties, are alternative means crimes. See *State v. Fitzgerald*, 308 Kan. 659, 664, 423 P.3d 497 (2018); *State v. Brown*, 295 Kan. 181, 200, 284 P.3d 977 (2012).

Among other things, under K.S.A. 21-5504, a person can be guilty of the crime of aggravated criminal sodomy if they personally sodomize a child under 14 years of age (21-5504[b][1]) *or* if they cause a child under 14 years of age "to engage in sodomy" with another person (21-5504[b][2]). Similarly, under K.S.A. 21-5506, a person can be guilty

6

of the crime of aggravated indecent liberties with a child if they personally engage in "lewd fondling or touching" of the child or the offender with an "intent to arouse or to satisfy [ ] sexual desires," (21-5506[b][3][A]) *or* by "soliciting the child" to engage in "lewd fondling or touching" of another person "with the intent to arouse or satisfy [ ] sexual desires" (21-5506[b][3][B]).

Thus, the question becomes whether the "crime" described in subsection (C) refers to the entire crime, i.e. aggravated criminal sodomy, or a particular subsection/alternative means of the crime, i.e. aggravated criminal sodomy involving a third person.

This case brings to mind our recent opinion in *In re Warsame*, 320 Kan. 92, 563 P.3d 1281 (2025). There, we were required to determine whether the term "crime" in K.S.A. 60-5004(c)(1)(C) "[i]s [ ] limited to the facts of the charging document, or is a crime defined by the statutory elements." *In re Warsame*, 320 Kan. at 96 (where charging document named wrong victim and charges were dismissed, wrongful conviction claim denied because "crime" was determined by statutory elements, not facts in charging document; no evidence of actual innocence of crime). Because a claimant must show a causal connection between the charges being dismissed (as in *Warsame*) or reversed (as here) and the claimant's actual innocence, the question became "'actual innocence' of what?" 320 Kan. at 96.

Here, we are faced with the same question, but in the context of a crime with alternative means. Answering this question requires statutory interpretation. Our prime directive is to discern the intent of the Legislature, which we presume is expressed through the plain language of the statute. See *State v. Zongker*, 322 Kan. 137, 141, 586 P.3d 769 (2026) ("Legislative intent guides statutory interpretation, but we discern that intent through the plain language of the enactment."). Where the language is clear and unambiguous, our task is complete. See *State v. Evans*, 322 Kan. 1, 3, 584 P.3d 646 (2026). If the statutory text is not clear or the statute is ambiguous, then we must construe

the Legislature's intent using the tools of statutory construction—employment of statutory canons and examination of legislative history and other background considerations—to decipher legislative intent and resolve the ambiguity. See *State v. Gensler*, 308 Kan. 674, 680, 423 P.3d 488 (2018).

The relevant statutory language requires that: "the claimant did not commit the crime or crimes for which the claimant was convicted." K.S.A. 60-5004(c)(1)(C).

We conclude this language is ambiguous when applied to alternative means crimes because the statute could either refer to the crime as a whole—i.e. aggravated criminal sodomy—or it could refer to the specific subsection outlined in a charging document—i.e. aggravated criminal sodomy involving a third person. See *Schmidt v. Trademark, Inc.,* 315 Kan. 196, 200, 506 P.3d 267 (2022) ("Even statutory language that appears clear may be ambiguous when considered in the context of particular facts or another applicable statute."); *Glaze v. J.K. Williams*, 309 Kan. 562, 564, 439 P.3d 920 (2019) (quoting *Petty v. City of El Dorado*, 270 Kan. 847, 851, 19 P.3d 167 [2001]) ("'A statute is ambiguous when two or more interpretations can fairly be made.'").

Ambiguity necessitates statutory construction. But we need not plow new ground: we are guided by our prior analysis of K.S.A. 60-5004(c)(1)(C) in *Doelz.* There, the question was whether subsection (C) "require[d]—as an element of a claim for compensation—a causal connection between a claim of innocence and an ultimate outcome?" *In re Doelz*, 319 Kan. at 261.

We concluded subsection (c)(1)(C) was ambiguous and turned to its legislative history. Distinguishing factual and legal innocence, we held "the Legislature intended to compensate only individuals who are determined to be actually or factually innocent," which we contrasted with "every criminal defendant whose conviction was reversed on appeal." *In re Doelz*, 319 Kan. at 263. Actual innocence "is an inquiry of historical fact"

meaning "that a defendant did not commit the crime for which he or she is charged," while legal innocence is "'[t]he absence of one or more procedural or legal bases supporting a conviction and sentence.'" 319 Kan. at 264.

Applying this reasoning here, we conclude that the phrase "crime or crimes" in K.S.A. 60-5004(c)(1)(C) refers to the overall crime, rather than any particular alternative means. Otherwise, someone who is not "actually innocent" could receive compensation, which runs contrary to the legislative purpose identified in *Doelz*. Cf. *In re Warsame*, 320 Kan. at 96 ("There is no indication that the Legislature ever conceived of, to use an extreme example, compensating an individual who was convicted for murdering victim A, when the individual was actually guilty of murdering victim B."); *In re Doelz*, 319 Kan. at 264 (noting "the statute's legislative history makes it clear that the overarching intent of the statute is to provide redress for individuals who are *actually* innocent").

Even assuming without deciding that Arita is factually innocent of the charged alternative means (crimes involving a third party)—which the parties dispute, Arita has not created a dispute as to the material fact that his convictions were reversed because of his factual or actual innocence of the crimes of aggravated criminal sodomy or aggravated indecent liberties with a child. Arita offers no evidence of actual or factual innocence, and the panel did not conclude that Arita was factually or actually innocent of these crimes. To the contrary, the panel noted the evidence supporting Arita's guilt of the uncharged alternative means of the crimes. See *Arita*, 2023 WL 3912867, at *3-4 ("We are not concerned here with whether the State's evidence met the elements of the crimes as instructed by the district court"; State presented "ample evidence that Arita personally engaged in sodomy with E.M.A." and evidence showed "Arita personally engaged in lewd fondling or touching of E.S.A."); cf. *In re Warsame*, 320 Kan. at 97 ("Warsame did not show that he was actually innocent of identity theft because he admitted facts sufficient to prove he intended to defraud some party to receive a benefit.").

9

The district court properly granted summary judgment to the State because Arita failed to create any factual dispute that his convictions were reversed as a result of his actual or factual innocence of aggravated criminal sodomy or aggravated indecent liberties with a child.

Affirmed.